FERNANDO J. GEIGEL, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 886.—Submitted February 15, 1933.—Decided February 24, 1933.

*Gabriel de la Haba* for appellant.   The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

An attorney in fact, by the terms of his power of attorney, was authorized to claim, collect and receive all amounts owing to his principal, to liquidate accounts, to issue receipts, to alienate real estate for such consideration and on such terms as he might agree to, to receive the purchase price in money or in kind or to admit receipt thereof and to make formal acknowledgment of payment, to cancel mortgages, liens and other incumbrances, and in consequence thereof to execute and sign the necessary public and private documents.

This attorney in fact, in a notarial instrument, acknowledged receipt of a certain amount of money said to have been previously paid to his principal, the mortgagee, and of another amount purporting to be the balance due the mortgagee which was paid to the attorney in fact.   In consideration thereof he executed a cancellation and discharge of the mortgage.   On recording this instrument, a registrar of property canceled the record entry of the mortgage to the extent of the payment made to the attorney in fact and refused to cancel the same so far as the payment previously made directly to the mortgagee was concerned.

The theory of the registrar was that, in accordance with the established rule of strict construction, the power to cancel mortgages should be confined to cancellations executed in consideration of payments made through the attorney in fact.   We find no such limitation in the power of attorney. So to construe it would amount to the interpolation of a restriction which was not in the minds of the parties to the contract.

The ruling appealed from must be reversed.